UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY J. WILLIBY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HEARST CORPORATION, et al.,<br><br>　　　　Defendants. | Case No.15-cv-02538-NC<br><br>**ORDER DENYING MOTION TO RECONSIDER VACATING DEFAULT JUDGMENT MOTION; ORDERING SERVICE; AND CONTINUING CASE MANAGEMENT CONFERENCE** |

On September 10, 2015, plaintiff Harry J. Williby moved for entry of default against defendants Hearst Corporation and Ernesto Mourelo, and moved for default judgment on September 22, 2015. Dkt. No. 19. On September 25, 2015, defendants then specially appeared through counsel Thomas Burke to ask that the default judgment be set aside. Dkt. No. 24. On September 29, the Court granted defendants' request, and Williby now asks for reconsideration arguing that he was never served with defendants' response and was not given an opportunity to reply. Dkt. Nos 27, 28.

**I.　DEFAULT JUDGMENT**

"Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In deciding whether to grant default judgment, the Court considers the following factors: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the

Case No. 15-cv-02538-NC

1 action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute
2 concerning material facts; (6) whether the default was due to excusable neglect; and (7) the
3 strong policy favoring decisions on the merits. *Id.* at 1471-72.

4     The Court previously determined that default judgment was not proper because
5 defendants appeared in the case in a timely manner. Additionally, prior to Williby's
6 motion for default judgment, defendants notified the Court and Williby that they did not
7 believe they had been properly served. Defendants maintained that position in asking the
8 Court to set aside the motion for default judgment. Therefore, the Court finds that the *Eitel*
9 factors counsel against entering default judgment, as the default appears to be based on
10 excusable neglect, there is a possibility of a dispute concerning material facts, and policy
11 favors a decision on the merits. Thus, the Court DENIES Williby's request to reconsider
12 vacating the motion for default judgment.

13 **II.   CASE MANAGEMENT CONFERENCE**

14     A case management conference is scheduled in this case for October 28, 2015.
15 Because no case management statement has been filed, and Williby requests an extension
16 of time, the Court moves the case management conference to November 18, 2015, and the
17 parties may participate by phone. A case management statement is due November 13,
18 2015.

19 **III.   ORDER OF SERVICE**

20     Defendants maintain that they have not been properly served, so the Court
21 ORDERS the clerk of the court to mail a Notice of Lawsuit and Request for Waiver of
22 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the
23 complaint and all attachments thereto, a magistrate judge consent form, and a copy of this
24 order to defendants' counsel, Thomas Burke.

25     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
26 requires them to cooperate in saving unnecessary costs of service of the summons and
27 complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked
28 by the court, on behalf of plaintiff, to waive service of the summons, fails to do so, they

will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, and defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent.  Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the notice but before defendants have been personally served, the answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

All parties are reminded that they must either consent to or decline the jurisdiction of a U.S. magistrate judge under 28 U.S.C. § 636.

**IT IS SO ORDERED.**

Dated:  October 27, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge