Thomas R. Burke (CA State Bar No. 141930)
 thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599

Ravi V. Sitwala (pro hac vice)
 rsitwala@hearst.com
Abraham S. Cho (pro hac vice)
 acho@hearst.com
THE HEARST CORPORATION
300 West 57th Street
New York, New York 10019-3792
Telephone:   (212) 841-7000
Facsimile:    (212) 554-7000

Attorneys for Defendants The Hearst Corporation and Ernesto Mourelo

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

| | |
|---|---|
| HARRY J. WILLIBY,<br><br>  Plaintiff,<br><br>  v.<br><br>HEARST CORPORATION, et al.,<br><br>  Defendants. | Case No. 15-cv-02538-EJD<br><br>**DEFENDANTS' NOTICE OF MOTION AND SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE UNDER THE CALIFORNIA ANTI-SLAPP STATUTE AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR LACK OF PERSONAL JURISDICTION**<br><br>Hearing Date: June 2, 2016<br>Time: 9:00 a.m.<br>Dept.: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on June 2, 2016 at 9:00am, or as soon thereafter as this matter may be heard before the Honorable Edward J. Davila of the above-entitled Court located at 280 South 1st Street, San Jose, California, Defendants Hearst Corporation and Ernesto Mourelo move to strike the Complaint pursuant to the California anti-SLAPP statute and move to dismiss the Complaint for failure to state a claim and for lack of personal jurisdiction.

Defendants' motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities filed herewith, all pleadings and papers on file in this matter, and such other matters as may be presented to this Court at the hearing or otherwise.

Dated: January 4th, 2016

                              THE HEARST CORPORATION
                              Ravi V. Sitwala
                              By:    /s/ Ravi V. Sitwala
                                      Ravi V. Sitwala

                              Attorney for Defendants Hearst Corporation and Ernesto Mourelo

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

    I.     WILLIBY'S CLAIMS SHOULD BE STRICKEN PURSUANT TO THE CALIFORNIA ANTI-SLAPP STATUTE ................................................................ 3

         A.     The Hearst Corporation Is Not a Proper Defendant .................................... 5

         B.     Mourelo Is Not Subject to Personal Jurisdiction ........................................ 6

         C.     Williby's Claims Fail on the Merits ............................................................. 6

              1.     The Statements Are Opinion Based on Disclosed Facts ................. 6

              2.     The Allegedly Defamatory Statement is Substantially True .......... 8

              3.     Williby Fails to Allege and Cannot Show the Requisite Degree of Fault ................................................................................ 9

              4.     The Claim for Intentional Interference of Prospective Economic Relations Fails as It is Derivative of the Defamation Claims and Suffers from Other Defects ........................................ 10

    II.    THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b) ............................................................................................................... 12

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AccuImage Diagnostics Corp v. Terarecon, Inc.*,
   260 F. Supp. 2d 941 (N.D. Cal. 2003) ..................................................................................11

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
   No. CV 10-5696 CRB, 2013 WL 3460707 (N.D. Cal. July 9, 2013) ......................................7, 8

*Architectural Mailboxes, LLC v. Epoch Design, LLC*,
   No. 10CV974 DMS CAB, 2011 WL 1630809 (S.D. Cal. Apr. 28, 2011) ...............................11

*Barker v. Fox & Assocs.*,
   240 Cal. App. 4th 333 (Cal. Ct. App. 2015) ..........................................................................10

*Barrett v. Rosenthal*,
   40 Cal. 4th 33 (2006) ...............................................................................................................4

*Biro v. Conde Nast*,
   No. 14-3815-CV, 2015 WL 8103736 (2d Cir. Dec. 8, 2015) .................................................10

*Blatty v. N.Y. Times Co.*,
   42 Cal. 3d 1033 (1986) ..........................................................................................................10

*Braun v. Chronicle Publ'g Co.*,
   52 Cal. App. 4th 1036 (Cal. Ct. App. 1997) .........................................................................3, 4

*Della Penna v. Toyota Motor Sales, U.S.A.*,
   11 Cal. 4th 376 (1995) ...........................................................................................................11

*Designing Health, Inc. v. Erasmus*,
   No. CV-98-4758 LGB (CWX), 2001 WL 36239748 (C.D. Cal. Apr. 24, 2001) ....................8

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*,
   47 Cal. App. 4th 777 (Cal. Ct. App. 1996) ..........................................................................4, 8

*Elvis Presley Enters., Inc. v. Passport Video*,
   349 F.3d 622 (9th Cir. 2003), *overruled on other grounds as stated in Flexible
   Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989 (9th Cir. 2011) (per
   curiam) .....................................................................................................................................9

*Franklin v. Dynamic Details, Inc.*,
   116 Cal. App. 4th 375 (Cal. Ct. App. 2004) ............................................................................7

*Hecimovich v. Encinal Sch. Parent Teacher Org.*,
   203 Cal. App. 4th 450 (Cal. Ct. App. 2012), *review denied* (Apr. 25, 2012) ..........................4

*Hilton v. Hallmark Cards*,
   599 F.3d 894 (9th Cir. 2010) ................................................................................................. 3

*Hustler Magazine Inc. v. Moral Majority Inc.*,
   796 F.2d 1148 (9th Cir. 1986) ............................................................................................... 9

*L.A. News Serv. v. KCAL-TV Channel 9*,
   108 F.3d 1119 (9th Cir. 1997) ........................................................................................... 8, 9

*L.A. News Serv. v. Reuters Television Int'l, Ltd.*,
   149 F.3d 987 (9th Cir. 1998) ............................................................................................. 8, 9

*L.A. Times v. Free Republic*,
   No. CV 98-7840 MMM(AJWX), 2000 WL 565200 (C.D. Cal. Apr. 4, 2000) ................... 8, 9

*Monge v. Maya Magazines, Inc.*,
   688 F.3d 1164 (9th Cir. 2012) ............................................................................................... 9

*Mulinix v. Unifund CCR Partners*,
   No. 07-CV-1629, 2008 WL 2001747 (S.D. Cal. May 5, 2008) ............................................. 2

*Navellier v. Sletten*,
   106 Cal. App. 4th 763 (Cal. Ct. App. 2003) ......................................................................... 5

*Navellier v. Sletten*,
   29 Cal. 4th 82 (2002) ............................................................................................................ 4

*Nicosia v. De Rooy*,
   72 F. Supp. 2d 1093 (N.D. Cal. 1999) .................................................................................. 7

*Nygard, Inc. v. Uusi-Kerttula*,
   159 Cal. App. 4th 1027 (Cal. Ct. App. 2008) ....................................................................... 5

*Phila. Newspapers, Inc. v. Hepps*,
   475 U.S. 767 (1986) .............................................................................................................. 8

*Stolz v. KSFM 102 FM*,
   30 Cal. App. 4th 195 (Cal. Ct. App. 1994) ......................................................................... 10

*Taus v. Loftus*,
   40 Cal. 4th 683 (2007) .......................................................................................................... 5

*Terry v. Davis Cmty. Church*,
   131 Cal. App. 4th 1534 (Cal. Ct. App. 2005) ....................................................................... 8

*United States v. Bestfoods*,
   524 U.S. 51 (1998) ................................................................................................................ 6

*Varian Med. Sys., Inc. v. Delfino*,
   35 Cal. 4th 180 (2005) .................................................................................................. 3, 4, 5

*Vess v. Ciba-Geigy Corp. USA*,
　317 F.3d 1097 (9th Cir. 2003) ..................................................................................................4

*whiteCryption Corp. v. Arxan Techs., Inc.*,
　No. 15-CV-00754-WHO, 2015 WL 3799585 (N.D. Cal. June 18, 2015) ...................................5

*Wynn v. Chanos*,
　75 F. Supp. 3d 1228, 1233-34 (N.D. Cal. 2014)..........................................................................7

*Xcentric Ventures, LLC v. Bird*,
　683 F. Supp. 2d 1068 (D. Ariz. 2010) .........................................................................................6

**Statutes**

17 U.S.C. § 107...................................................................................................................................8

Cal. Civ. Code § 47.............................................................................................................................8

Cal. Civ. Proc. Code § 425.16 ..................................................................................................*passim*

**Other Authorities**

https://www.youtube.com/user/theattorneydepot ...............................................................................2

https://www.youtube.com/user/theattorneydepot/about .....................................................................2

https://www.youtube.com/user/theattorneydepot/videos....................................................................2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants The Hearst Corporation and Ernesto Mourelo respectfully submit the following brief in support of their Special Motion to Strike the complaint pursuant to the California anti-SLAPP statute, California Code of Civil Procedure § 425.16 *et seq.*, and Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## PRELIMINARY STATEMENT

This is a defamation case targeting a comment placed on Plaintiff Harry Williby's ("Williby") YouTube channel The Attorney Depot by Defendant Ernesto Mourelo ("Mourelo") expressing Mourelo's view that Williby's copying of entire news stories produced and aired by Hearst Television stations constitutes copyright infringement. The case targets Mourelo's speech in a public forum concerning a legal dispute and a matter of public concern and is therefore subject to California's anti-SLAPP statute, requiring Williby to show through admissible evidence a probability of prevailing on his claims for defamation and intentional interference with prospective economic advantage. Williby cannot carry his burden for numerous reasons.

As an initial matter, Williby's claims against The Hearst Corporation should be stricken as it is merely the indirect corporate parent of Mourelo's employer, Hearst Television Inc. The claims against Mourelo—the only other defendant—should also be stricken because Williby has failed to establish personal jurisdiction over Mourelo in California. While Williby claims jurisdiction is proper over a New York resident merely based on Williby's residence in California, Williby has not alleged that Mourelo expressly aimed his conduct at California.

Beyond these threshold issues, Williby's claims also fail on the merits. The challenged statement is protected opinion based on disclosed facts. The context of the statement—in a heated exchange over a legal dispute in an online community—further serves to show that it is protected opinion not susceptible to a defamation claim. Even if the statement were treated as fact, Williby cannot show falsity, as required. Williby claims the statement is false because his copying of the Hearst Television footage is fair use. However, Williby's wholesale copying of news stories with no commentary or alteration for commercial purposes is not fair use under governing law. Independently, as the owner and proprietor of a media channel, Williby is a public figure for

purposes of commentary about the channel.  As such, he is required to show actual malice by clear and convincing evidence.  Given Mourelo's good faith (and correct) belief in the truth of his comments, Williby cannot show actual malice.  All of these reasons also require that the intentional interference claim be stricken, as it is subject to the same constitutional standards and the defamation claims.  In addition, Williby fails to plausibly allege facts to support numerous elements of the intentional interference claim.  Finally, for the same reasons Williby's claims should be stricken pursuant to the anti-SLAPP statute, they should also be dismissed pursuant to Rule 12(b) for lack of personal jurisdiction and failure to state a claim.

## BACKGROUND[1]

Plaintiff Harry Williby runs a YouTube channel called The Attorney Depot.  *See* https://www.youtube.com/user/theattorneydepot.  Williby describes the channel as follows:

> The Attorney Depot™! Quality, Global, Uncensored, truth-in-advertisement Internet Television, Movies, Videos and Clips! The Attorney Depot™ is the place to find your favorite channels under one global roof! The Attorney Depot™ Provides Global Advertisement Opportunities! DON'T GET STUCK IN BETWEEN THE YELLOW PAGES! Subscribe Now & Contact us about going GLOBAL with your Digital Video Advertisement @ theattorneydepot@gmail.com.

*See* https://www.youtube.com/user/theattorneydepot/about; *see also* Compl. ¶ 12 ("Plaintiff [] has held the YouTube channel, The Attorney Depot, out as a Global, reputable Journalistic News source; a Global, reputable, Legal News source; a Global, reputable, (profit maximizing) advertising medium; and a Global, reputable, business entity.").  The channel consists of various news clips compiled by Williby.  *See* https://www.youtube.com/user/theattorneydepot/videos.  Williby has posted numerous clips of entire news segments produced and owned by Hearst Television stations (operated by indirect subsidiaries of Defendant The Hearst Corporation).  Declaration of Ernesto Mourelo ("Mourelo Decl.") ¶¶ 3-8.  As part of Hearst Television's efforts to

---

[1] The facts set forth below are largely derived from the Complaint.  Some facts, such as the copied videos and quotations from Plaintiff's YouTube channel, are properly considered on a motion to dismiss because they are relied upon heavily and integral to the Complaint.  *See Mulinix v. Unifund CCR Partners*, No. 07-CV-1629, 2008 WL 2001747 (S.D. Cal. May 5, 2008).  Moreover, in ruling on an anti-SLAPP motion, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." See Cal. Civ. Proc. Code § 425.16.

2
DEFENDANTS' ANTI-SLAPP MOTION AND MOTION TO DISMISS
CASE NO. 15-CV-02538-EJD

combat infringement of its content, Defendant Mourelo sent a series of take-down notices to YouTube pursuant to the Digital Millennium Copyright Act. *See id.*, *see also* Compl. ¶ 16. In response, Williby sent DMCA counter-notices to have the video clips restored, claiming that—notwithstanding his posting of entire clips without any material alteration or commentary—he believed his use constituted fair use. *See* Mourelo Decl. ¶ 9; *see also* Compl. ¶ 17.

After the clips were re-posted by YouTube based on Williby's counter-notices, Defendant Mourelo posted a comment on Williby's YouTube channel page (the "Statement"), stating: "Fight Piracy on YouTube," "[y]ou stole this clip from a legitimate news source," "[i]t's called copyright infringement." Compl. ¶ 21; Mourelo Decl. ¶ 10. Based on these comments, Williby has brought defamation and intentional interference with prospective economic relations claims against The Hearst Corporation and Mourelo, seeking $10 million in damages and an additional $10 million dollars of punitive damages. *See* Compl. ¶¶ 21, 38.

## ARGUMENT

### I.  WILLIBY'S CLAIMS SHOULD BE STRICKEN PURSUANT TO THE CALIFORNIA ANTI-SLAPP STATUTE

Under the California Anti-SLAPP statute, section 425.16 of the California Civil Procedure Code, "a cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike . . . ." Cal. Civ. Proc. Code § 425.16(b)(1). The California anti-SLAPP statute broadly protects the discussion of issues of concern to the public by "nip[ping] SLAPP litigation in the bud by striking offending causes of action . . . ." *Braun v. Chronicle Publ'g Co.*, 52 Cal. App. 4th 1036, 1042 (Cal. Ct. App. 1997); *Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005) (the purpose of the law is "to prevent SLAPPs by ending them early and without great cost to the SLAPP target") (citation omitted). The Ninth Circuit statute has "long held that the anti-SLAPP statute applies to state law claims that federal courts hear pursuant to their diversity jurisdiction." *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n.2 (9th Cir. 2010).

The anti-SLAPP statute "establishes 'a two-step process for determining' whether an action should be stricken . . . ." *See Varian*, 35 Cal. 4th at 192 (citation omitted). First, "a defendant 'must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003) (citation omitted). "A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)." *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002) (citing *Braun*, 52 Cal. App. 4th at 1043); *see also Hecimovich v. Encinal Sch. Parent Teacher Org.*, 203 Cal. App. 4th 450, 463 (Cal. Ct. App. 2012), *review denied* (Apr. 25, 2012). Subdivision (e) sets forth the following categories:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,
>
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,
>
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or
>
> (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e).

Here, the allegedly defamatory comments are covered by several categories. As pre-litigation communications, they are covered by one or both of the first two sub-sections. *See, e.g.*, *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 784 (Cal. Ct. App. 1996) (holding that pre-litigation communications between private parties are covered by the anti-SLAPP statute). In addition, they are covered by the last two sub-sections as free speech in a public forum connected to an issue of public interest. The comments were clearly made in a place open to the public as well as a public forum, as Williby admits in his Complaint. *See, e.g.*, Compl. ¶¶ 5, 8 (referring to YouTube as "a forum for people to connect, inform, and inspire others across the globe"); *see also Barrett v. Rosenthal*, 40 Cal. 4th 33, 41 n.4 (2006) ("Web sites accessible to the public . . . are 'public forums' for purposes of the anti-SLAPP statute."). They also were made in connection with an issue of public interest, as Williby also concedes, alleging that it was

4

"republished and read by the YouTube Community and the general public throughout the United States and elsewhere."  Compl. ¶ 25; *see also Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (Cal. Ct. App. 2008) ("'[A]n issue of public interest' within the meaning of section 425.16, subdivision (e)(3) is any issue in which the public is interested.  In other words, the issue need not be 'significant' to be protected by the anti-SLAPP statute—it is enough that it is one in which the public takes an interest." (emphasis omitted)).

Having demonstrated that the statute applies, the burden shifts to Williby to demonstrate "a probability of prevailing on [his] claim[s]." *Varian*, 35 Cal. 4th at 192 (citations omitted).  He cannot rely on the bare allegations of his own pleading to try to show that the complaint would survive a demurrer.  *See Navellier v. Sletten*, 106 Cal. App. 4th 763, 776 (Cal. Ct. App. 2003).  Instead, he must "establish evidentiary support for [his] claim[s]." *Id.* at 775-76 (emphasis and citations omitted).  Specifically, Williby must demonstrate that his claims are "supported by a prima facie *showing of facts to sustain a favorable judgment* if the evidence submitted by [him are] credited." *Taus v. Loftus*, 40 Cal. 4th 683, 745 (2007) (emphasis added).  Otherwise the court must strike the complaint.  See Cal. Civ. Proc. Code § 425.16(b)(1).  For the reasons discussed below, Williby cannot establish facts that would support a judgment in his favor.

### A.     The Hearst Corporation Is Not a Proper Defendant

Williby has sued The Hearst Corporation ("Hearst"), recognizing in his Complaint that Hearst owns an "interest" in 29 television stations, including the stations at issue.  *See* Compl. ¶ 6.  However, Hearst's ownership of the stations is just that—a corporate interest as an indirect parent corporation to Hearst Television Inc., which itself is the parent to the corporate entities that operate the stations at issue.  Declaration of Catherine A. Bostron ("Bostron Decl.") ¶ 2.  And, as the Complaint also recognizes, Defendant Mourelo is employed by Hearst Television Inc., not The Hearst Corporation.  Compl. ¶ 7; Mourelo Decl. ¶ 1.  Accordingly, while Williby attempts to attribute Mourelo's actions directly to The Hearst Corporation through agency principles, *see* Compl. ¶ 16, there is no basis for The Hearst Corporation to be held directly liable for the actions of employees of its indirect subsidiaries.  *See whiteCryption Corp. v. Arxan Techs., Inc.*, No. 15-CV-00754-WHO, 2015 WL 3799585, at *2 (N.D. Cal. June 18, 2015) ("It is 'a general principle of

corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries.'") (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)).

### B. Mourelo Is Not Subject to Personal Jurisdiction

Williby alleges that personal jurisdiction is proper over defendants in California because YouTube's parent company (Google) is located in California and because Plaintiff resides in California.  Neither of these bases actually supports the exercise of personal jurisdiction over Defendant Mourelo, who Williby concedes is a New York resident.[2]  Compl. ¶¶ 1-2.  Williby's first theory of jurisdiction—that postings on internet platforms give rise to personal jurisdiction in the state where the company that offers the platform is located—has no legal basis and should be rejected out of hand.  His second theory—that personal jurisdiction exists in internet defamation claims wherever the plaintiff is located—is similarly devoid of support.  To the contrary, courts have held that, without more, these facts do not support personal jurisdiction over a non-resident defendant.  *See, e.g.*, *Xcentric Ventures, LLC v. Bird*, 683 F. Supp. 2d 1068, 1074 (D. Ariz. 2010).  Instead, it must be shown that the defendant expressly aimed its conduct towards the forum.  *See id.*  Here, Williby does not allege that Mourelo expressly targeted his conduct towards California.  Accordingly, Williby has failed to allege facts supporting personal jurisdiction over Mourelo.

### C. Williby's Claims Fail on the Merits

Even if Williby had sued the right corporate party or could sustain an exercise of personal jurisdiction over Mourelo, his claims would fail on the merits for several reasons.

#### 1. The Statements Are Opinion Based on Disclosed Facts

Williby's primary claim is one for defamation, which he alleges as two separate counts.  In particular, Williby claims that the Statement by Mourelo defamed him because it cast him as a "thief" and "not a 'legitimate' sources [sic] of news reporting."  Compl. ¶ 24.  As an initial matter, the Statement did not say anything about whether Williby was a legitimate source of news reporting—it simply recounted Mourelo's view that Williby's wholesale copying of Hearst

---

[2] Neither basis supports jurisdiction over The Hearst Corporation either, but The Hearst Corporation is not challenging personal jurisdiction in this matter.

Television news stories was copyright infringement. While this statement is true, as discussed below, it is in any event clearly a statement of Mourelo's opinion based on disclosed facts evident to any reader. "A statement of opinion based on fully disclosed facts can be punished only if the stated facts are themselves false and demeaning," because "[w]hen the facts supporting an opinion are disclosed, readers are free to accept or reject the author's opinion based on their own independent evaluation of the facts." *See Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 387 (Cal. Ct. App. 2004) (citation and quotation marks omitted)); *see also Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1233-34 (N.D. Cal. 2014) ("When the facts underlying a statement of opinion are disclosed, readers will understand they are getting the author's interpretation of the facts presented; they are therefore unlikely to construe the statement as insinuating the existence of additional, undisclosed facts." (citation omitted)). Indeed, "[a]ccusations of criminal activity, like other statements, are not actionable if the underlying facts are disclosed." *Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 388 (Cal. Ct. App. 2004) (citing *Nicosia v. De Rooy*, 72 F. Supp. 2d 1093, 1103 (N.D. Cal. 1999)).

Courts in this Circuit apply a three-factor test to determine whether statements are protected opinion as opposed to actionable facts. The factors are: the general context of the statement, the specific context of the statement, and the susceptibility of the statement to be proved true of false. *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, No. CV 10-5696 CRB, 2013 WL 3460707, at *3 (N.D. Cal. July 9, 2013). "The first factor the Court considers is the broad context of [the] statements, paying particular attention to setting, subject matter, format, and tenor." *Id.* at *4. Statements made online in blogs or other internet discussions as well as those made in the heated context of a legal dispute are not likely to be viewed by readers as objective facts. *Id.* "The Court next considers the content of the allegedly defamatory statements, which includes the extent of figurative and hyperbolic language and the reasonable expectations of the readers." *Id.* (quotations omitted). Even where statements include legal conclusions such as assertions of intellectual property infringement, they should be not considered assertions of fact where the statements are made with "additional context [for readers] to decide whether to accept or reject [the] opinions based on their own independent evaluations." *Id.* "Lastly, the Court determines whether the

statements at issue are provable as true or false." *Id.* at \*5.  Where the question of truth "is a close one" involving "a murky legal issue," statements should be viewed as opinions even if the ultimate question "might be provable as true or false after a lengthy . . . lawsuit . . . ." *Id.*

Here, all of the factors weigh heavily in favor of finding that the Statement is non-actionable opinion.  It was made in a comment section of a community website in the context of a heated legal dispute by an interested party.  It includes hyperbolic language and was made in the context of the very facts on which the claim was based, which allows readers to watch the clip copied by Williby and decide for themselves whether the copying constitutes copyright infringement as concluded by Mourelo.  And it involves a murky legal issue—fair use—which can often be a close call (although not here, as discussed below).  Accordingly, as a protected statement of opinion, the Statement cannot support Williby's defamation claims, which should be stricken.[3]

### 2. *The Allegedly Defamatory Statement is Substantially True*

"Truth is a complete defense to defamation." *Terry v. Davis Cmty. Church*, 131 Cal. App. 4th 1534, 1553 (Cal. Ct. App. 2005).  In cases against media entities involving matters of public concern, it is the plaintiff's burden to prove falsity.  *Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 775 (1986).  Here, there is no dispute that Williby copied the Hearst Television stations' footage.  Instead, the issue is whether Williby's copying of entire news stories in his YouTube channel without alteration or commentary for purposes of selling advertising constitutes fair use.  It does not.

Fair use involves a multi-factor inquiry that includes consideration of the familiar factors set forth in 17 U.S.C. § 107.  *See L.A. News Serv. v. KCAL-TV Channel 9*, 108 F.3d 1119, 1121 (9th Cir. 1997).  Under the first factor—the purpose and character of the use—Williby's use of Hearst Television's news clips for the purpose of reporting news is in no way transformative.  *See id.*; *see also L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 993 (9th Cir. 1998); *L.A. Times v. Free Republic*, No. CV 98-7840 MMM(AJWX), 2000 WL 565200, at \*8 (C.D. Cal. Apr. 4,

---

[3] In addition to being protected opinion, the pre-litigation communication should be absolutely privileged under the litigation privilege codified by California Civil Code section 47. *See Dove Audio, Inc.*, 47 Cal. App. 4th at 781; *Designing Health, Inc. v. Erasmus*, No. CV-98-4758 LGB (CWX), 2001 WL 36239748, at \*3 (C.D. Cal. Apr. 24, 2001).

8
DEFENDANTS' ANTI-SLAPP MOTION AND MOTION TO DISMISS
CASE NO. 15-CV-02538-EJD

2000). Williby's commercial motive in copying the news stories also weighs against fair use under this factor. *See L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d at 994; *L.A. News Serv. v. KCAL-TV Channel 9*, 108 F.3d at 1121.

The second factor—the nature of the copyrighted work—arguably favors fair use, given the factual nature of the work. *See L.A. News Serv. v. KCAL-TV Channel 9*, 108 F.3d at 1122. However, given the production value of the news clips at issue, unlike the raw footage at issue in the *L.A. News Service* cases, and the complete copying of this expressive content, this factor is more neutral than in those cases. *See L.A. Times*, 2000 WL 565200, at *21.

The third factor—the amount and substantiality of the taking—weighs against fair use, given the fact that the entire news clips were taken by Williby. *See Hustler Magazine Inc. v. Moral Majority Inc.*, 796 F.2d 1148, 1154-55 (9th Cir. 1986) (finding that a stand-alone component of a larger publication is the entire work for purposes of fair use analysis).

Finally, the fourth factor—the effect of the use on the potential market for the original—weighs decidedly and dispositively against fair use, given Williby's offering of Hearst Television's news stories (for purposes of selling advertising) as a complete substitute for Hearst Television's own distribution of the stories both in broadcast and online. *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d at 994; *L.A. News Serv. v. KCAL-TV Channel 9*, 108 F.3d at 1122-23; *see also* Mourelo Decl. ¶ 11.

In sum, given the non-transformative, commercial use of Hearst Television's news stories by Williby, and the usurpation of Hearst Television's market to disseminate its stories online, Williby's use of the footage is not fair use. *See L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d at 994; *L.A. News Serv. v. KCAL-TV Channel 9*, 108 F.3d at 1122-23; *see also Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1176 (9th Cir. 2012); *Elvis Presley Enters., Inc. v. Passport Video*, 349 F.3d 622, 629 (9th Cir. 2003), *overruled on other grounds as stated in Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 995 (9th Cir. 2011) (per curiam).

       3.     *Williby Fails to Allege and Cannot Show the Requisite Degree of Fault*

Williby alleges that he "is the Owner/Editor-in-Chief" of multiple blogs including his "flagship, global blog Corrupt Justice . . . (a news blog with a global audience, reaching

9
DEFENDANTS' ANTI-SLAPP MOTION AND MOTION TO DISMISS
CASE NO. 15-CV-02538-EJD

approximately 14,000-20,000 readers per month; and a total of nearly 800,000 (reader) page views to date." Compl. ¶ 5.  He further alleges that he "is also the Owner/Chief Video Editor of the YouTube, LLC channel The Attorney Depot, created on October 14, 2008, and grossing over eight million (8,400,000+) global views." *Id.*  In addition, he alleges that his personal and business Google Plus accounts have 1,351,399 followers.  *Id.*  Accordingly, as a self-proclaimed owner of a substantial media outlet, Williby is a public figure for purposes of his activities in connection with that outlet (if not for all purposes).  *See Stolz v. KSFM 102 FM*, 30 Cal. App. 4th 195, 207 (Cal. Ct. App. 1994).  Accordingly, he must allege and prove by clear and convincing evidenced facts proving that defendants acted with actual malice—that is, that defendants published the allegedly defamatory statements with subjective knowledge of their falsity or substantial doubts as to their truth.  *Id.* at 202.  While Williby includes a conclusory allegation of actual malice, Compl. ¶ 28, he fails to allege any facts to support his conclusion, *see Biro v. Conde Nast*, No. 14-3815-CV, 2015 WL 8103736, at *3 (2d Cir. Dec. 8, 2015), and in any event cannot meet his anti-SLAPP burden of coming forward with evidence to support his claim of actual malice, *see, e.g.*, *Barker v. Fox & Assocs.*, 240 Cal. App. 4th 333, 355 (Cal. Ct. App. 2015).  To the contrary, Mourelo believed his statements to be true when he posted them (and continues to believe they are true).  Mourelo Decl. ¶ 10.  Accordingly, Williby's defamation claims should be stricken for failure to show actual malice.

    *4. The Claim for Intentional Interference of Prospective Economic Relations Fails as It is Derivative of the Defamation Claims and Suffers from Other Defects*

"Although the limitations that define the First Amendment's zone of protection for the press were established in defamation actions, they are not peculiar to such actions but apply to all claims whose gravamen is the alleged injurious falsehood of a statement: that constitutional protection does not depend on the label given the stated cause of action, and no cause of action can claim talismanic immunity from constitutional limitations." *Blatty v. N.Y. Times Co.*, 42 Cal. 3d 1033, 1042 (1986) (citations, quotations, and alterations omitted).  Williby's claim for intentional interference with prospective economic relations targets the same speech targeted by his defamation claims and therefore must meet the same First Amendment standards.  Because the

10
DEFENDANTS' ANTI-SLAPP MOTION AND MOTION TO DISMISS
CASE NO. 15-CV-02538-EJD

statement at issue is protected as opinion, is not false, and was not made with actual malice, the intentional interference claim fails.

In addition, Williby has not sufficiently alleged the elements of an intentional interference claim. "To state a claim for intentional interference with economic advantage, plaintiff must allege: 1) an existing economic relationship or one 'containing the probability of future economic benefit'; 2) knowledge by the defendant of the relationship; 3) acts by defendant designed to disrupt the relationship; 4) actual disruption of the relationship; 5) damages proximately caused by the acts of the defendant." *AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 956 (N.D. Cal. 2003) (citing *Della Penna v. Toyota Motor Sales, U.S.A.*, 11 Cal. 4th 376, 380 n.1 & 392-93 (1995)).

Williby fails to allege several of these elements. In support of the first element, requiring an existing economic relationship or one "containing the probability of future economic benefit," Williby offers nothing more than conclusory allegations, simply claiming that "Mourelo, intentionally interfered with an economic relationship between Plaintiff and the Google, Inc. . . . that probably would have resulted in an economic benefit to Plaintiff . . . ." Compl. ¶ 35. But merely repeating the elements of the tort and relying on conclusory language do not survive a motion to dismiss, let alone an anti-SLAPP motion. *See, e.g.*, *Architectural Mailboxes, LLC v. Epoch Design, LLC*, No. 10CV974 DMS CAB, 2011 WL 1630809, at *6 (S.D. Cal. Apr. 28, 2011) ("[W]hile Plaintiff may have a speculative expectation that a potentially beneficial relationship with eventually arise, that expectation is insufficient to state a claim for intentional interference with prospective economic advantage." (citation and quotation marks omitted)).

This is equally true with other elements of the claim—requiring knowledge by the defendant of the relationship and acts by defendant designed to disrupt the relationship—as Williby offers nothing more than the conclusory allegation that "Plaintiff further alleges that Defendant Hearst Corporation and her agent, Defendant Ernesto Mourelo, knew of the economic relationship; and That Defendant Hearst Corporation and her agent, Defendant Ernesto Mourelo, intended to disrupt the relationship." Compl. ¶ 35.

11
DEFENDANTS' ANTI-SLAPP MOTION AND MOTION TO DISMISS
CASE NO. 15-CV-02538-EJD

Finally, although Williby makes various references to alleged damages—demanding $10,000,000 in compensatory damages and $10,000,000 in punitive damages—he fails to offer anything other than conclusory allegations regarding such damages, and fails to allege *how* any damages were proximately caused by the acts of Defendants, or *what* those damages consist of. *See* Compl. ¶ 31 (simply alleging that "[t]he publication and republication of the statement, proximately caused general and special damages to Plaintiff"); Compl. ¶ 33 (alleging that "[t]he statement has damaged Plaintiff's professional standing in the YouTube community"). Accordingly, the intentional interference claim should be stricken both because Williby does not allege plausible facts supporting the claim and because it is derivative of the defamation claims, which fail for the numerous reasons discussed above.

## II. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)

For the reasons discussed above, Williby's claims should be stricken pursuant to the California anti-SLAPP statute. For the same reasons, Williby's Complaint should be dismissed for failure to state a claim under Rule 12(b)(6) and for lack of personal jurisdiction over Defendant Mourelo under Rule 12(b)(2). As discussed, Williby does not plausibly allege facts supporting either defamation or intentional interference with prospective economic relations. Nor does he allege facts to support an exercise of personal jurisdiction over Mourelo.

### CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion to strike Williby's complaint pursuant to the California anti-SLAPP statute and dismiss the complaint pursuant to Rules 12(b)(6) and 12(b)(2) and grant Defendants such other relief as it deems just.

Respectfully submitted,

By:    /s/ Ravi V. Sitwala
              Ravi V. Sitwala

Attorney for Defendants
HEARST CORPORATION AND ERNESTO MOURELO

Dated: January 4, 2016

12
DEFENDANTS' ANTI-SLAPP MOTION AND MOTION TO DISMISS
CASE NO. 15-CV-02538-EJD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| HARRY J. WILLIBY,<br><br>  Plaintiff,<br><br>v.<br><br>HEARST CORPORATION, et al.,<br><br>  Defendants. | Case No. 15-cv-02538-NC<br><br>**DEFENDANTS' CERTIFICATE OF SERVICE OF NOTICE OF MOTION AND SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THEIR MOTION TO STRIKE THE COMPLAINT UNDER THE CALIFORNIA ANTI-SLAPP STATUTE AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR LACK OF PERSONAL JURISDICTION** |

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2016, I caused a copy of the foregoing to be served on Plaintiff by electronic mail as follows:

Harry J. Williby
415 E. Flora St.
Suite 8
Stockton, CA 95202
(202) 425-7039
harrywilliby@gmail.com

By:     /s/ Ravi V. Sitwala
              Ravi V. Sitwala