Thomas R. Burke (CA State Bar No. 141930)
   thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599

Ravi V. Sitwala (pro hac vice)
   rsitwala@hearst.com
Abraham S. Cho (pro hac vice)
   acho@hearst.com
THE HEARST CORPORATION
300 West 57th Street
New York, New York 10019-3792
Telephone:   (212) 841-7000
Facsimile:   (212) 554-7000

Attorneys for Defendants The Hearst Corporation and Ernesto Mourelo

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| HARRY J. WILLIBY,<br><br>      Plaintiff,<br><br>  v.<br><br>HEARST CORPORATION, et al.,<br><br>      Defendants. | Case No. 15-cv-02538-EJD<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF THEIR SPECIAL MOTION TO STRIKE UNDER THE CALIFORNIA ANTI-SLAPP STATUTE AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR LACK OF PERSONAL JURISDICTION**<br><br>Hearing Date: June 2, 2016<br>Time: 9:00 a.m.<br>Dept.: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

ARGUMENT .................................................................................................................................. 1

CONCLUSION .............................................................................................................................. 3

i

DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR ANTI-SLAPP MOTION AND MOTION TO DISMISS
CASE NO. 15-CV-02538-EJD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)............................................................................................................2

*Fabbrini v. City of Dunsmuir*,
   631 F.3d 1299 (9th Cir. 2011) ............................................................................................1

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ............................................................................................2

*San Diego Puppy, Inc. v. City of San Diego*,
   No. 13-CV-2783-BTM-DHB, 2014 WL 4546390 (S.D. Cal. Sept. 11, 2014) ...............1

*Sarver v. Chartier*,
   No. 11-56986, 2016 WL 625362 (9th Cir. Feb. 17, 2016) .................................................2

*Simpson Strong-Tie Co., Inc. v. Gore*,
   49 Cal. 4th 12 (2010) ..........................................................................................................3

*Steel v. City of San Diego*,
   726 F. Supp. 2d 1172 (S.D. Cal. 2010).............................................................................2

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014)........................................................................................................2

*Winters v. Jordan*,
   No. 2:09-CV-00522 JAM, 2011 WL 1549391 (E.D. Cal. Apr. 21, 2011) ....................1

**Statutes**

Cal. Civ. Proc. Code § 425.16 ...............................................................................................1, 2

Cal. Civ. Proc. Code § 425.17 ..................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants The Hearst Corporation and Ernesto Mourelo respectfully submit the following reply memorandum in further support of their Special Motion to Strike the Complaint pursuant to the California anti-SLAPP statute, California Code of Civil Procedure § 425.16 *et seq.*, and Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## ARGUMENT

Nothing in Williby's opposition addresses the merits of Defendants' arguments in support of their motion.[1]  Instead, the opposition is devoted entirely to purported procedural defects in the anti-SLAPP motion and irrelevant argument relating to jurisdiction.  Accordingly, Defendants' motion to dismiss pursuant to Rule 12(b)(6) stands unopposed.  And Williby's actual arguments have no merit and are taken in turn below.

**First**, Williby contends that Defendants' motion is procedurally and jurisdictionally defective because it is a consolidated motion to dismiss and anti-SLAPP motion.  But Williby cites no rule or decision that prohibits such a combined motion, and the Ninth Circuit and district courts in the Ninth Circuit have regularly permitted the practice.  *See, e.g.*, *Fabbrini v. City of Dunsmuir*, 631 F.3d 1299, 1302 (9th Cir. 2011) (acknowledging that a party who prevailed on its anti-SLAPP motion that was combined with a motion to dismiss a Section 1983 claim was entitled to anti-SLAPP fees); *Winters v. Jordan*, No. 2:09-CV-00522 JAM, 2011 WL 1549391, at *4 (E.D. Cal. Apr. 21, 2011) (permitting the filing of combined motion to dismiss and motion to strike); *San Diego Puppy, Inc. v. City of San Diego*, No. 13-CV-2783-BTM-DHB, 2014 WL 4546390, at *1

---

[1]  While Williby emailed his opposition papers to the Court and to the Clerk's Office, it appears that he never actually filed them in accordance with the rules of the Court.  Accordingly, the Court can treat this motion as unopposed.  But even if the Court were to consider the emailed papers, it remains substantively unopposed and the procedural arguments raised by Williby have no merit as explained in this memorandum.

As a separate matter, while Williby purported to move for sanctions under Rule 11 in the papers accompanying his opposition to this motion in his email to the Court, no such motion appears on the docket.  While Defendants are prepared to respond to that motion, which is both procedurally and substantively defective, there is currently no event on the docket to which Defendants can file an opposition.

1
DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR ANTI-SLAPP MOTION AND MOTION TO DISMISS
CASE NO. 15-CV-02538-EJD

(S.D. Cal. Sept. 11, 2014) (same); *Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1176 (S.D. Cal. 2010) (same).[2]

**Second**, Williby argues that The Hearst Corporation is a proper party because it is a "partner" of Google, which owns YouTube. This makes no sense—as explained in Defendants' opening memorandum, The Hearst Corporation's only alleged involvement in the substantive allegations of the Complaint is that it has an ownership interest in the television stations at issue. As explained, this is not a sufficient basis for liability.

**Third**, Williby appears to contend that Defendant Mourelo is subject to personal jurisdiction because of YouTube's contacts with California and that Williby "is not required to demonstrate or prove that '. . . Mourelo expressly aimed his conduct at California.'" (Opp'n 3) (emphasis omitted). But the minimum contacts test as interpreted by the Ninth Circuit requires exactly that. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) ("To satisfy [the purposeful direction test in California] test the defendant 'must have (1) committed an intentional act, which was (2) *expressly aimed at the forum state*, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." (emphasis added)). And the Supreme Court has emphatically stated that "the [jurisdictional] relationship must arise out of contacts that the 'defendant *himself* ' creates with the forum State" and has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between . . . third parties . . . and the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

---

[2] Citing to California Code of Civil Procedure section 425.16(f), Williby further contends that the anti-SLAPP motion is jurisdictionally defective because Defendants failed "to comply with the statutory requirement that the SLAPP motion be set for hearing within 30 day [after service] of the motion unless the trial court's docket conditions require a later date." (Opp'n 2) But the Ninth Circuit has expressly held that section 425.16(f) does not apply in federal court (and this Court did not have any settings available during the 30-day period after this motion was filed in any event). *See Sarver v. Chartier*, No. 11-56986, 2016 WL 625362, at *5 n.4 (9th Cir. Feb. 17, 2016) ("Because we conclude that section 425.16(f) does not apply here, we do not reach the parties' arguments regarding whether it was within the District Court's discretion to accept defendants' anti-SLAPP motions under California's procedural requirements.").

2
DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR ANTI-SLAPP MOTION AND MOTION TO DISMISS
CASE NO. 15-CV-02538-EJD

**Fourth**, Williby claims that the anti-SLAPP statute's commercial speech exception applies here. But that exception, codified at California Code of Civil Procedure section 425.17(c), and which is to be narrowly construed, *Simpson Strong-Tie Co., Inc. v. Gore*, 49 Cal. 4th 12, 22 (2010), only covers motions brought by defendants "primarily engaged in the business of selling or leasing goods or services, including, but not limited to, insurance, securities, or financial instruments" over statements made to actual or potential customers in the course of selling or delivering their goods or services. None of those conditions are met here. Moreover, even if the exception were to apply by its terms (which it does not), this case would fall into its explicit carve outs for actions against "any person engaged in the dissemination of ideas or expression in any book or academic journal, while engaged in the gathering, receiving, or processing of information for communication to the public" and "[a]ny action against any person or entity based upon the creation, dissemination, exhibition, advertisement, or other similar promotion of any dramatic, literary, musical, political, or artistic work, including, but not limited to, a motion picture or television program, or an article published in a newspaper or magazine of general circulation." Cal. Civ. Proc. Code § 425.17(d).

**Finally**, Williby's suggestions that Magistrate Judge Cousins' refusal to grant Williby a default judgment or Defendants' decision not to consent to proceed before a Magistrate Judge have some relevance to Defendants' motion are misplaced. Williby offers no explanation for why either of these facts is relevant and none exists.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' moving papers, this Court should grant Defendants' motion to strike Williby's Complaint pursuant to the California anti-SLAPP statute and dismiss the Complaint pursuant to Rules 12(b)(6) and 12(b)(2) and grant Defendants such other relief as it deems just.

3
DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR ANTI-SLAPP MOTION AND MOTION TO DISMISS
CASE NO. 15-CV-02538-EJD

Respectfully submitted,

By:    /s/ Ravi V. Sitwala
        Ravi V. Sitwala

Attorney for Defendants
HEARST CORPORATION AND ERNESTO MOURELO

Dated: March 3, 2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| HARRY J. WILLIBY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HEARST CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02538-NC<br><br>**DEFENDANTS' CERTIFICATE OF SERVICE OF REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF THEIR SPECIAL MOTION TO STRIKE UNDER THE CALIFORNIA ANTI-SLAPP STATUTE AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR LACK OF PERSONAL JURISDICTION** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2016, I caused a copy of the foregoing to be served on Plaintiff by electronic mail as follows:

Harry J. Williby
415 E. Flora St.
Suite 8
Stockton, CA 95202
(202) 425-7039
harrywilliby@gmail.com

　　　　　　　　　　　　　　　　By:　　/s/ Ravi V. Sitwala
　　　　　　　　　　　　　　　　　　　　　Ravi V. Sitwala