UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRY J. WILLIBY,<br><br>Plaintiff,<br><br>v.<br><br>HEARST CORPORATION, et al.,<br><br>Defendants. | Case No.  5:15-cv-02538-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 66 |

Plaintiff Harry Williby ("Plaintiff") brings this action against The Hearst Corporation and Ernesto Mourelo (collectively, "Defendants") for defamation and intentional interference with prospective economic relations.  Compl., Dkt. No. 1.  Presently before the court is Plaintiff's application for a temporary restraining order ("TRO") seeking to enjoin "Defendants, including their domestic and foreign agents, divisions, parents, subsidiaries, affiliates, YouTube partnerships, or YouTube joint ventures…from applying, or enforcing, 'Copyright Claims' or 'Community Content Violation Claims' against Plaintiff's YouTube Channel(s): The Attorney Depot and the Harry Williby Channel...".  Pl. Mot. for TRO ("Mot."), Dkt. No. 66.

This matter is suitable for decision without oral argument.  Civ. L. R. 7-1(b).  Having reviewed the relevant pleadings, the court finds, concludes and orders as follows:

1.      The standard for issuing a TRO is the same as that for the issuance of preliminary injunction.  See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977).  Thus, a TRO, like a preliminary injunction, is "an extraordinary remedy that may only be

United States District Court
Northern District of California

1    awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter v. NRDC, Inc.</u>,

2    555 U.S. 7, 22 (2008).

3        2.    "The proper legal standard for preliminary injunctive relief requires a party to

4    demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

5    in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

6    injunction is in the public interest.'" <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir.

7    2009). Temporary injunctive relief may also issue if "serious questions going to the merits were

8    raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing

9    preservation of the status quo where complex legal questions require further inspection or

10   deliberation. <u>Alliance for the Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1049 (9th Cir. 2010).

11       3.    As an initial matter, an ex parte TRO application must satisfy Federal Rule of Civil

12   Procedure 65(b)(1), which demands notice to the opposing party or parties. Plaintiff avers that a

13   written copy of this Motion for a TRO was sent to Defendant Hearst Corp. by mail on October 7,

14   2016. Dkt. No. 70. The court construes this representation to mean Plaintiff is not requesting that

15   relief be issued without notice. Accordingly, the court will therefore proceed to an analysis of the

16   <u>Winter</u> factors to determine whether a TRO should issue here.

17       4.    The second <u>Winter</u> factor - which is arguably the "single most important

18   prerequisite for the issuance of a preliminary injunction" (<u>Freedom Holdings, Inc. v. Spitzer</u>, 408

19   F.3d 112, 114 (2d Cir. 2005) - requires the moving plaintiff "to demonstrate that irreparable injury

20   is *likely* in the absence of an injunction." <u>Winter</u>, 555 U.S. at 22 (emphasis preserved). An

21   injunction ordered on any lesser showing is "inconsistent" with the "characterization of injunctive

22   relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff

23   is entitled to such relief." <u>Id</u>.

24       5.    In assessing whether Plaintiff has demonstrated that he is likely to suffer

25   irreparable harm in the absence of a TRO, the court is mindful that Plaintiff must make a "clear

26   showing of irreparable harm." <u>Garcia v. Google</u>, 786 F.3d 733, 746 (9th Cir. 2015). "Speculative

27   injury does not constitute irreparable injury sufficient to warrant granting a preliminary

1    injunction." <u>Caribbean Marine Servs. Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988).  Indeed,

2    "[a] plaintiff must do more than merely allege imminent harm sufficient to establish standing; a

3    plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive

4    relief." <u>Id</u>.  "Subjective apprehensions and unsupported predictions of revenue loss are not

5    sufficient to satisfy a plaintiff's burden of demonstrating an immediate threat of irreparable harm."

6    <u>Id</u>. at 675-76.

7         6.     Moreover, "[i]t is well established . . . that [] monetary injury is not normally

8    considered irreparable." <u>L.A. Mem'l Coliseum Comm'n v. Nat'l Football League</u>, 634 F.2d 1197,

9    1202 (9th Cir. 1980).  That is, because "purely monetary injury is compensable," it is therefore

10   "not irreparable." <u>Colorado River Indian Tribes v. Town of Parker</u>, 776 F.2d 846, 851 (9th Cir.

11   1985).  Accordingly, "[t]he possibility that adequate compensatory or other corrective relief will

12   be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of

13   irreparable harm." <u>Id</u>. at 850 (quoting <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1974)).

14        7.     Here, Plaintiff contends that in response to multiple copyright infringement and

15   "community content violation" claims made against him and/or his YouTube channels, YouTube

16   removed certain videos and restricted or terminated his accounts.  Mot. at 6-9; Exhs. 1-2, 4-6.

17   Specifically, Plaintiff alleges that on July 4, 2016 YouTube removed a video entitled "*Aileen*

18   *Wournos: Life and Death of a Serial Killer*" from his account, and imposed a six-month

19   "copyright strike" against The Attorney Depot channel.  The copyright strike is set to expire on

20   January 6, 2017, "as long as no additional copyright infringement notifications are received during

21   that time." <u>Id</u>. at 8-9; Exhs. 5-6.  On September 25, 2016, Plaintiff uploaded a video entitled "*Raw*

22   *Graphic: S.A. Police Officer Rapes Black Teen Girl In Jail!!!*" to the Harry Williby YouTube

23   Channel.[1]  YouTube immediately "flagged" the video, and on September 27, 2016, notified

24   Plaintiff that upon review it had determined that the video violated its Community Guidelines and

25   was removed.  <u>Id</u>. at 7; Exh. 2.  Plaintiff claims that YouTube then imposed a "Community

26   

27   _____
     [1] Plaintiff explains that the Harry Williby YouTube Channel is a "monetized channel," in that the channel "generates and collect [sic] advertisement revenue." <u>Id</u>. at 6.

28   Case No.: <u>5:15-cv-02538-EJD</u>
     ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Guidelines strike and penalty" against his account and terminated the Harry Williby YouTube

2   Channel.  Id.

3          Plaintiff seeks to show irreparable injury by contending that because YouTube removed

4   the video from The Attorney Depot and the terminated the Harry Williby YouTube Channel,

5   absent injunctive relief Plaintiff will lose "tens of thousands of views and potential advertisement

6   revenue."  See Id. at 8-9.  This showing is insufficient to establish irreparable harm.  The injury

7   alleged by Plaintiff is primarily monetary in nature, as well as highly speculative.  In short,

8   "potential advertisement revenue" or the number of "views" being lost is insufficient to

9   demonstrate an immediate threat of irreparable harm, and would more appropriately be

10  characterized as "[s]ubjective apprehensions" or "unsupported predictions of revenue loss."  See

11  Baldrige, 844 F.2d. at 675-76.   Lost advertising revenue may be compensable by a monetary

12  damages award if Plaintiff prevails on his claim for intentional interference with prospective

13  economic relations.  See Sole Energy Co. v. Petrominerals Corp., 128 Cal. App. 4th 212, 243

14  (2005) (holding that "[t]he measure of damages for intentional interference with contractual

15  relations or prospective economic advantage is an amount that will reasonably compensate

16  plaintiff for all loss or harm…caused by the defendant's conduct," including the plaintiff's

17  financial loss of the benefits a prospective economic relationship).  Accordingly, the harm alleged

18  by Plaintiff is not irreparable.

19         8.      Additionally, with respect to the copyright strike against The Attorney Depot, the

20  court notes that Plaintiff's delay in filing his application for a TRO also weighs against finding

21  irreparable harm.  When a plaintiff delays seeking injunctive relief, the delay may be used as

22  evidence that there is really no immediate or irreparable harm.  See Oakland Tribune, Inc. v.

23  Chronicle Publ'g Co., 762 F.2d 1374, 1377 (9th Cir. 1984) (affirming denial of a preliminary

24  injunction based in part on the plaintiff's delay before seeking relief, concluding that such delay

25  "implies lack of urgency and irreparable harm."); Hanginout, Inc. v. Google, Inc., 54 F. Supp. 3d

26  1109, 1132 (S.D. Cal. 2014) (denying injunctive relief, citing cases where delays of seven, five,

27  and three months were "sufficient to weigh against a finding of irreparable harm.").  Here, the

28

Case No.: 5:15-cv-02538-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

copyright strike was imposed against Plaintiff on July 7, 2016, and is set to expire on January 6, 2017.  Mot. at 8-9; Mot at Exh. 6.  Thus, at the time Plaintiff filed the instant motion, three months of the six month strike had already passed.

9. Based on the foregoing, the court concludes that Plaintiff has not made a clear showing of irreparable injury, and on that basis is not entitled to the extraordinary remedy he seeks.  Accordingly, the application for a TRO and preliminary injunction (Dkt. No. 66) is DENIED.

**IT IS SO ORDERED.**

Dated: October 14, 2016



EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 5:15-cv-02538-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER