United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRY J. WILLIBY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HEARST CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 5:15-cv-02538-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 79, 87 |

Plaintiff Harry Williby brings claims against Defendants Hearst Corporation, Hearst Television, Inc., and Ernesto Mourelo arising from a comment that Mourelo left on Williby's YouTube channel. Defendants move to strike under California's anti-SLAPP statute and to dismiss for failure to state a claim, for lack of personal jurisdiction, and for failure to serve process. Williby also seeks leave to file an amended complaint.

Defendants' motion to dismiss will be GRANTED. Williby's motion for leave to file an amended complaint will be DENIED.

1

Case No.: 5:15-cv-02538-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

## I. BACKGROUND

Williby operates a YouTube channel where he posts a variety of videos, including clips from news broadcasts.[1] First Am. Compl. ("FAC") ¶ 39, Dkt. No. 75. Defendant Ernesto Mourelo, an employee of Hearst Television, Inc. ("HTV"), sent a series of DMCA takedown notices to YouTube because he believed that Williby uploaded videos that infringed HTV's copyrights. Id. ¶ 41. Williby responded by filing DMCA counter-notices. Id. ¶ 42. After the videos were re-posted to YouTube, Mourelo posted a comment on Williby's YouTube channel page that stated: "Fight Piracy on YouTube. You stole this clip from a legitimate news source. It's called copyright infringement." Id. ¶ 48.

Williby then filed this action, pro se, bringing claims for defamation and intentional interference with prospective economic relations against the Hearst Corporation and Ernesto Mourelo. Compl., Dkt. No. 1. Defendants moved to dismiss or strike. Dkt. No. 49. This Court granted Defendants' motion to dismiss, with leave to amend, on the basis that (1) the Hearst Corporation was not a proper defendant and (2) this Court lacked personal jurisdiction over Mourelo. Order Granting Defs.' Mot. to Dismiss ("MTD Order"), Dkt. No. 73.

Williby filed an amended complaint (Dkt. No. 75), and Defendants now move to dismiss or strike. Defs.' Mot. to Dismiss or Strike ('MTD'), Dkt. No. 79. Williby did not oppose Defendants' motion. Williby has also moved for leave to file a second amended complaint.[2] Dkt. No. 87.

## II. LEGAL STANDARD

### A. Rule 12(b)(2)

Fed. R. Civ. P. 12(b)(2) allows dismissal for lack of personal jurisdiction. When the motion to dismiss is a defendant's first response to the complaint, the plaintiff need only make a

---

[1] For a more detailed discussion of the factual background, see this Court's order on Defendants' first motion to dismiss or strike, Dkt. No. 73 at 1–3.
[2] Williby's motion is captioned as a "motion for leave to file a first amended complaint." However, since Williby has already filed an amended complaint, the Court construes his motion as a motion for leave to file a second amended complaint.

2
Case No.: 5:15-cv-02538-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

prima facie showing that personal jurisdiction exists. See Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). While a plaintiff cannot " 'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true" and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (quoting Amba Marketing Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977), and citing AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996)).

B. **Rule 12(b)(6)**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

C. **Pro Se Pleadings**

Pro se pleadings must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). The Court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974). The Court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." Id. A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

## III. DISCUSSION

### A. The Hearst Corporation is not a proper party to this action.

This Court previously held that the Hearst Corporation is not a proper party to this action. MTD Order 6–8. Mourelo's employer is HTV, and the Hearst Corporation is HTV's corporate parent. Id. at 6. This Court held that the Heart Corporation cannot be liable for Mourelo's actions because there was no evidence that he was acting as an agent of the Hearst Corporation. Id. at 6–7. Williby also vaguely alleged that the Hearst Corporation was liable because it is "partners" with Google, and "Google owns and operates YouTube." Id. at 7–8. This Court held that the relationship between the Hearst Corporation and Google or YouTube has no bearing on whether the Hearst Corporation is a proper party to this action. Id. at 8.

In his amended complaint, Williby states that "HTV's day-to-day operations are directed entirely by the parent company, Defendant Hearst Corporation." FAC ¶ 16. Williby also states that, in general, a "wholly owned subsidiary company's day-to-day operations are directed entirely by the parent company." Id. ¶ 12.

These allegations, without supporting facts, are insufficient to establish that an agency relationship exists between HTV and the Hearst Corporation. Williby offers no further explanation as to why the Hearst Corporation should be held liable for Mourelo's actions.

Because Williby has not adequately alleged an agency relationship between the Hearst Corporation and Mourelo, the Court again finds that the Hearst Corporation is not a proper party to this action.

### B. This Court lacks personal jurisdiction over Mourelo.

This Court previously held that Mourelo, a New York resident, was not subject to personal jurisdiction in this district because "writing a comment in the comment section of a YouTube channel that has no apparent affiliation with California" was insufficient to establish that Mourelo purposefully directed his activities to California. MTD 8–12.

In his amended complaint, Williby appears to argue that Mourelo consented to California

4

Case No.: 5:15-cv-02538-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

jurisdiction by entering into an agreement with YouTube or one of its parent companies:

> In doing business with registered California Corporations, Alphabet, dba, Google, Inc., dba, YouTube, LLC., Plaintiff and Defendants, and each of them, jointly and severally, consented to the jurisdiction of this court, "should litigation arise [out of the posting] removal, or restoration of a video [under the Digital Millennium Copyright Act[ and one party resides out of the State of California."

FAC ¶ 7. Williby does not indicate where this language appears. However, even if this language constitutes a valid agreement between YouTube (or another company) and Mourelo, it does not establish personal jurisdiction in California in an action over Mourelo where YouTube (or the other company) is not a party. As such, the Court again finds that it lacks personal jurisdiction over Mourelo.

C. **Williby may not add new parties or claims.**

In his amended complaint, Williby adds HTV as a defendant. FAC ¶ 3. That addition was improper because this Court granted leave to amend <u>only</u> as to the claims and parties that appeared in the original complaint. MTD Order 14 ("While the court is doubtful that Plaintiff could amend the Complaint so as to cure the deficiencies warranting dismissal, the court cannot conclude as a matter of law that no such amendment is possible. Accordingly, all claims are DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be filed on or before May 5, 2017, and <u>must be consistent with the discussion above</u>.") (emphasis added).

Williby also seeks leave to file a second amended complaint. Dkt. No. 87. His proposed complaint would add a claim under § 512(f) of the Digital Millennium Copyright Act. Under Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave when justice so requires." <u>Carrico v. City & Cty. of San Francisco</u>, 656 F.3d 1002, 1008 (9th Cir. 2011). However, leave to amend need not be granted where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Janicki Logging Co. v. Mateer</u>, 42 F.3d 561, 566 (9th Cir. 1994). Courts generally draw "all inferences in favor of granting the motion." <u>Griggs v. Pace Am. Grp., Inc.</u>, 170 F.3d

5

Case No.: 5:15-cv-02538-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

877, 880 (9th Cir. 1999). Here, the Court finds that Williby's proposed complaint would be futile because it fails to cure the defects discussed above that warrant dismissal (i.e., that the Hearst Corporation is not a proper defendant, and that Mourelo is not subject to personal jurisdiction in this district).

## IV. CONCLUSION

Defendants' motion to dismiss (Dkt. No. 79) is GRANTED without leave to amend. Defendants' motion to strike (Dkt. No. 79) is DENIED AS MOOT. Williby's motion for leave to file an amended complaint is (Dkt. No. 87) is DENIED. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: July 10, 2017

EDWARD J. DAVILA
United States District Judge